IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDY A. WEAVER                 *
        Plaintiff,
   v.                                  *  CIVIL ACTION NO. RDB-08-2110

FREDERICK COUNTY SHERIFF'S    *
 DEPT.
CHARLES JENKINS (SHERIFF) ET AL.  *
        Defendants.
                                     ***

**MEMORANDUM OPINION**

On August 11, 2008, the Court received a "Motion to Compel Disclosure under Freedom of Information Act ["FOIA"], 5 U.S.C. § 552" filed by Randy Weaver, who is confined at the Frederick County Detention Center in Frederick, Maryland. (Paper No. 1). Weaver claims that Defendants have failed to comply with an FOIA request served on the "Records Officer" of the Frederick County Sheriff's Department on July 18, 2008. (*Id*.). He contends that he sought records contained in Defendants' files which relate directly to him and he has a right to same under the FOIA. (*Id*.). Because he appears indigent, Plaintiff's request to waive the civil filing fee shall be granted.

The FOIA provides that a federal agency "shall" make available to any person records that the person "reasonably describes" in a request to the agency "in accordance with published rules" governing such requests. *See* 5 U.S.C. § 552(a)(3). The FOIA does not apply to county or state agencies or their staff.[1] *See Ferguson v. Alabama Criminal Justice Center*, 962 F.Supp 1446, 1447

---

[1] Under Maryland law, sheriffs and deputy sheriffs are considered employees of the state. *See Willey v. Ward*, 197 F.Supp.2d 384, 387-88 (D. Md. 2002).

(M.D. Ala. 1997); *see also* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States....").[2]  Therefore, this Court has no subject matter jurisdiction over a § 552(a) complaint against the Frederick County Sheriff's Department.

Plaintiff asks this federal court to compel Defendants to provide him materials.  To that end, his cause of action may alternatively be construed as a petition for mandamus relief.  Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed.  This Court does not have jurisdiction to compel non-federal agencies or staff to take action.  *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

In light of this opinion, a separate order shall be entered dismissing the Complaint without requiring service of process.

Date:  August 27, 2008                          /s/
                                                RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff is not without recourse.  He may file a Maryland Public Information Act request with the Frederick County Sheriff's Office ("FCSO").  *See* Maryland Code Ann., State Gov't, §§ 10-611, *et seq*. Upon denial of that request he may then seek administrative review with the FCSO.  *See* Maryland Code Ann., State Gov't, §§ 10-622.  If unsuccessful with the administrative review, he may then file a complaint with the appropriate Maryland circuit court by way of an original civil action.  *Id.*, §10-623.